IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DAVID NOTASH and KELLY HAMLIN,   )
                                 )
              Plaintiffs,        )
                                 )
     v.                          )         1:23CV890
                                 )
TOTAL MILITARY MANAGEMENT, INC., )
et al.,                          )
                                 )
              Defendants.        )
```

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiffs commenced this case by filing a Complaint on October 20, 2023. (See Docket Entry 1.) Via Notice dated February 12, 2024, the Clerk reminded Plaintiffs of their obligation under Federal Rule of Civil Procedure 4(m) to obtain service on Defendants Total Military Management, Inc., A-World Moving Systems, Inc., and Fayetteville Moving & Storage, Inc. within 90 days of the filing of the Complaint in this case. (See Docket Entry 14.) That Notice directed Plaintiffs to respond within 14 days or face dismissal of this action as to those three Defendants. (See id.)

After Plaintiffs failed to respond to that Notice as directed, the Court (per the undersigned Magistrate Judge) ordered Plaintiffs, on or before May 10, 2024, either to file proof of service as to Defendants Total Military Management, Inc., A-World Moving Systems, Inc., and Fayetteville Moving & Storage, Inc. or to show cause in writing why the Court should not dismiss this action as to those three Defendants. (See Text Order dated May 3, 2024.)

That Text Order expressly warned that "[f]ailure by Plaintiffs to comply with th[at] Text Order shall result in the dismissal of this case without prejudice as to [those three Defendants]."  (Id.)

On May 8, 2024, Plaintiffs filed a Waiver of Service of Summons for Defendant Total Military Management, Inc.  (See Docket Entry 17.)  Plaintiffs did not file any proof of service as to Defendants A-World Moving Systems, Inc. or Fayetteville Moving & Storage, Inc. and did not show cause in writing why the Court should refrain from dismissing those two Defendants.  (See Docket Entries dated May 3, 2024, to present.)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.  Fed. R. Civ. P. 41(b).  In this case, [Plaintiff] failed to respond to a specific directive from the [C]ourt."  Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).  In light of that failure, the Court should dismiss without prejudice any claim against Defendants A-World Moving Systems, Inc. or Fayetteville Moving & Storage, Inc.

In making that recommendation, the undersigned Magistrate Judge recognizes "that dismissal is not a sanction to be invoked lightly."  Id.  Generally, before dismissing a case for failure to comply with an order, a court should consider:  "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of

-2-

Case 1:23-cv-00890-TDS-LPA     Document 18     Filed 05/14/24     Page 2 of 3

prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." Id. Here, (i) no reason exists to doubt that Plaintiffs bear responsibility for this non-compliance; (ii) Plaintiffs' conduct and/or inaction prejudices the right of Defendants A-World Moving Systems, Inc. or Fayetteville Moving & Storage, Inc. to prompt resolution of the claim(s) against them and contravenes Federal Rule of Civil Procedure 4(m); (iii) Plaintiff failed to comply despite multiple warnings; and (iv) no other sanction appears adequate.[1]

**IT IS THEREFORE RECOMMENDED** that the Court dismiss without prejudice any claim(s) against Defendants Defendants A-World Moving Systems, Inc. and Fayetteville Moving & Storage, Inc., pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 14, 2024

---

[1] As to that final consideration (and as documented above), the Court (per the Clerk and the undersigned Magistrate Judge) twice warned Plaintiffs that non-compliance would lead to dismissal. "In view of th[ose] warning[s], the [Court] ha[s] little alternative to dismissal. Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse." Ballard, 882 F.2d at 96.