IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
File No.: 1:23-cv-00890

| | | |
|---|---|---|
| DAVID NOTASH and KELLY HAMLIN,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL MILITARY MANAGEMENT, INC.;<br><br>MAYFLOWER TRANSIT, LLC, and<br>UNITED VAN LINES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

**COMES NOW** Plaintiff, David Notash and Kelly Hamlin, by and through his undersigned attorney, with their AMENDED Complaint against the Defendants, Total Military Management, Inc.; Mayflower Transport, LLC; and United Van Lines, LLC, and states as follows:

## PARTIES & JURISDICTION

1. Plaintiff David Notash is a U.S. citizen and resident of Cameron, North Carolina.
2. Plaintiff Kelly Hamlin is a U.S. citizen and resident of Cameron, North Carolina.
3. Defendant Total Military Management, Inc. (hereinafter "TMM") is a corporation organized and existing under the laws of Florida, with a principal place of business at 8445 Western Way, Jacksonville, FL 32256.
4. Defendant Mayflower Transit, LLC (hereinafter "Mayflower) is a limited liability company organized and existing under the laws of the State of Missouri with a principal place of business at One Premier Drive, Fenton, MO 63026.
5. Defendant United Van Lines, LLC (hereinafter "United") is a limited liability company organized and existing under the laws of the State of Missouri, with a principal place of business at One Premier Drive, Fenton, MO 63026.
6. This Court has federal jurisdiction pursuant to 28 U.S.C. §1331 as this action arises from the carriage of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706 and/or federal common law.

7. This Court has jurisdiction over any remaining claims in this action pursuant to 28 U.S.C. § 1367.
8. Venue for this action is proper in this District pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 14706.

## FACTS

9. Plaintiffs incorporate for reference the proceeding paragraphs.
10. On or about January 26, 2021, Plaintiffs entered into a contract with Defendant TMM on to have the contents of their home located at 7536 Thornwood Drive, Albuquerque, NM 87120 packed and moved into temporary storage-in-transit located at the State and Moving Storage, Inc. located at 3715 ½ Ramsey Street, Fayetteville, NC 28311.
11. The contract further dictated that Plaintiffs' household contents would later be moved from the temporary storage-in-transit to Plaintiffs' final destination.
12. On or about March 4, 2021, Defendant Mayflower issued a Bill of Lading to Plaintiffs with a packing date of March 4, 2021, an agreed pick up date of March 8, 2021, and an Agreed Delivery Date of March 22, 2021.
13. On or about March 4, 2021, Defendant United issued Plaintiffs a Household Goods Descriptive Inventory.
14. Plaintiffs' household contents were packed and loaded in good order and condition on or about March 4, 2021.
15. Plaintiffs' household contents were picked up on March 9, 2021.
16. Plaintiffs' household contents were delivered to the temporary storage-in-transit location on March 16, 2021.
17. On May 11, 2021, Plaintiffs' household contents were delivered to their final destination located at 48 Buckeye Place, Cameron, NC 28326.
18. During the unpacking, Plaintiffs noted that several of their household items sustained damages that were not present prior to packing and moving.
19. A Notification of Loss or Damage at Delivery form was provided to Plaintiffs.
20. Plaintiffs filed a claim with Defendant TMM on October 26, 2021.
21. On or about November 30, 2021, Defendant TMM had an appraiser from Weathersby Guild inspect Plaintiffs' contents to document the damages that were sustained.

22. The appraiser concluded that there was in fact significant damage done to the goods.
23. Defendant TMM initially offered to compensate Plaintiff at a rate significantly lower than the estimated cost to repair or replace.
24. The Plaintiff rejected the offer and demanded to be compensated at a fair market value.
25. The Defendants refused the low offer and to date, Plaintiffs have not been compensated for the damages.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE CARMACK ACT**

26. Plaintiffs reallege the allegations set forth in the preceding paragraphs.
27. The Carmack Amendment, codified at 49 U.S.C. §14706, imposes liability on a carrier for all losses relating to goods it transports in interstate commerce.
28. By reason of the foregoing, as well as the relevant representations, the contract of carriage, and course of conduct, Defendants Mayflower and United were carriers and/or forwarder and/or freight forwarder within the meaning of the Carmack Amendment, 49 U.S.C. §14706, and materially deviated from and breached its duties and obligations under that law and/or under the contract of carriage and/or other applicable contracts or law.
29. Defendants Mayflower and United, on their own or through its contractors and agents, took physical possession of Plaintiffs household contents, which were then in good order and condition.
30. When the contents were delivered to Plaintiffs, there was evidence of loss and damage to the subject cargo.
31. The aforesaid loss and damage rendered many items unfit for intended usage.
32. The aforesaid loss and damage occurred while Plaintiffs' household items were in the care, custody and control of Defendants Mayflower and United.
33. Said loss and damage to Plaintiffs' household contents was the result of Defendant Total Military Management failure to identify a moving company that had the capacity to properly carry and care for the contents which resulted in the goods being damaged or destroyed.

34. The damage to the items was not caused by circumstances which would give rise to a defense or exception to liability under the Carmack Amendment, federal common law, or the governing contract of carriage.
35. Total Military is more than a broker. It provides carrier services to Department of Defense personnel in such a way that it operates as a carrier.
36. By reason of the aforesaid, Defendants have proximately caused damage, loss, and expense to Plaintiffs in an amount to be proven at trial.
37. Defendants are liable to Plaintiffs for damages under the Carmack Amendment.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

38. Plaintiffs reallege the allegations set forth in the preceding paragraphs.
39. Defendants owed a duty based in contract to deliver the Plaintiff's household goods without destroying or damaging property.
40. The duty was breached when the goods were damaged or destroyed by the Defendants who worked in tandem to deliver the goods.
41. The breach was caused by Defendants failure to properly secure and unload the items belonging to the Plaintiffs.
42. As a result of the breach the Plaintiff suffered damage in excess of $75, 000.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

43. Plaintiffs incorporate by reference as if restated herein the allegations of the preceding paragraphs.
44. In order to establish breach of contract, a plaintiff must establish: 1) a valid and enforceable contract; 2) performance by the plaintiff; 3) breach by the defendant; and 4) injury arising as a result of defendant's breach.
45. Plaintiffs had an agreement with the defendants to deliver household goods in accordance with a signed contract.
46. Plaintiffs performed by paying the Defendants.

47. Defendants breached by damaging or destroying the goods and refusing to pay fair market value for repair or replacement.
48. Plaintiffs were damaged in an amount in excess of $75,000.

## FOURTH CAUSE OF ACTION
## UNFAIR AND DECEPTIVE TRADE PRACTES

49. Plaintiffs incorporate by reference as if restated herein the allegations of the preceding paragraphs.
50. Defendant Total Military Management intimated to Plaintiffs that they would be responsible for the move.
51. As a result, Plaintiffs entrusted their valuables to them.
52. Instead, Total Military Management contracted with Defendants Mayflower Transit and United Van Lines without making the nature relationship clear to the Plaintiffs.
53. When the Plaintiffs' property was destroyed or damaged, they reached out to Total Military Management who responded by pointing the blame at the movers they selected.
54. It was unfair and deceptive to lead the Plaintiffs to believe that they were working exclusively with Total Military Management and would have recourse in the case of damage.
55. Instead, Total Military Management failed to take responsibility.
56. Defendants Mayflower Transit, United Van Lines, and Total Military Management, worked in tandem to deny the Plaintiffs claims despite receiving reports from an appraiser that the goods were damaged and that the cost to repair was more than what the defendants were willing to offer.
57. Defendants' deception has resulted in damages to Plaintiffs in excess of $75,000.00.
58. Defendants' conduct was more than a mere breach of contact. Defendants' conduct was egregious and unscrupulous and constituted an unfair and deceptive trade practice.
59. Defendants' conduct and practices occurred in commerce, were unfair and deceptive trade practices, and entitle Plaintiffs to treble their actual damages and recover attorney's fees, pursuant to the provisions of N.C.G.S. § 75-1-.1, et seq. and § 75-16.1, et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby pray for the following relief:

a. An award for property damage to Plaintiffs.

b. An award for loss of use of household items to Plaintiffs.

c. An award of prejudgment and post-judgment interest on damages.

d. An award for other damages recoverable in law, equity, the full extent of which will be proven at trial by Plaintiffs.

e. For a trial by jury.

f. For such other and further relief as this Court deems just and proper.

THIS the 13th day of August 2024.

**WOODEN BOWERS, PLLC**

s/Walter L. Bowers, Jr.

Walter L. Bowers, Jr., NC State Bar No. 47590
10130 Mallard Creek Road, Suite 300
Charlotte, North Carolina 28262
Telephone: 704-665-5838
Facsimile: 704-973-9380
wbowers@wbvlaw.com
*Attorney for Plaintiff*

## CERTIFICATION OF SERVICE

I certify that a copy for the foregoing document, **Plaintiffs Amended Complaint** was served upon all the Defendants of record pursuant to CM/ECF

**WOODEN BOWERS, PLLC**

s/Walter L. Bowers, Jr.
Walter L. Bowers, Jr.,